CARLOS FRED REYES y OTROS, recurrentes, *v.* ESTADO LIBRE ASOCIADO DE PUERTO RICO, recurrido.

*Número:* CC-1999-194     *Resuelto:* 24 de marzo de 2000

600

*Diego Ledee Bazán*, abogado de los recurrentes; *Gustavo A. Gelpí, Procurador General Interino*, e *Irene S. Soroeta Kodesh, Procuradora General Auxiliar*, abogados de El Pueblo de Puerto Rico.

EL JUEZ ASOCIADO SEÑOR CORRADA DEL RÍO emitió la opinión del Tribunal.

## I

El 24 de marzo de 1998, el Sr. Carlos Fred Reyes (en adelante el peticionario) presentó una demanda contra el Estado Libre Asociado de Puerto Rico (en adelante el E.L.A.). Alegó que adquirió del Departamento de la Vivienda (en adelante el Departamento) un inmueble ubicado en el barrio Machete de Guayama y que no pudo inscribir su título en el Registro de la Propiedad, ya que el E.L.A. no sometió los planos correspondientes. Arguyó, además, que la Autoridad de Energía Eléctrica (en adelante la A.E.E.) se negó a proveerle los servicios de energía eléctrica, porque el E.L.A. no cumplió con sus requerimientos. Reclamó cincuenta mil dólares ($50,000) por angustias y tormentos mentales, como consecuencia del incumplimiento del E.L.A.

Así las cosas, el 13 de abril de 1998, el peticionario emplazó al Secretario de Justicia; sin embargo, nunca emplazó al Secretario del Departamento.

El 22 de abril de 1998, el peticionario presentó ante el Tribunal de Primera Instancia una moción sobre remedio provisional, en la cual solicitó que se obligara al E.L.A. a proveerle el servicio de energía eléctrica. Tras la presentación de sendas mociones del peticionario, el 27 de mayo de 1998, el E.L.A. presentó ante el tribunal de instancia una moción de desestimación al amparo de la Regla 4.4(g) de Procedimiento Civil, 32 L.P.R.A. Ap. III. A raíz de ello, el

tribunal le concedió un término al peticionario para que contestara dicha moción. En el ínterim, el E.L.A. presentó una segunda moción de desestimación, para arguir que la A.E.E. era una parte indispensable en el pleito, por lo que procedía la desestimación de la demanda por falta de parte indispensable y por no haber sometido a dicha parte a la jurisdicción del Tribunal de Primera Instancia.

El 3 de julio de 1998, el tribunal de instancia dictó sentencia en la que desestimó la demanda. Señaló que el peticionario se allanó a lo solicitado por el E.L.A. al no oponerse oportunamente a la solicitud de desestimación.

El 8 de julio de 1998, el peticionario se opuso a la solicitud de desestimación del E.L.A., alegando que la Regla 4.4(g) de Procedimiento Civil, *supra*, no aplica al caso de autos; que el Departamento carece de personalidad jurídica, y que la A.E.E. no es parte indispensable. El 17 de julio de 1998, el tribunal de instancia la denegó, señalando que "no encontramos razón para dejar sin efecto nuestra sentencia del 3 de julio de 1998".[1] Tras presentar la moción de reconsideración, la cual fue denegada, recurrió ante el Tribunal de Circuito de Apelaciones mediante recurso de apelación. Adujo que el tribunal de instancia incidió al interpretar erróneamente las disposiciones de la Regla 4.4 de Procedimiento Civil, *supra*; al concluir que era necesario emplazar al Secretario del Departamento, y al resolver que la A.E.E. era parte indispensable en el pleito.

El 16 de octubre de 1998, el tribunal apelativo confirmó la sentencia apelada, al establecer que el Departamento es una instrumentalidad del E.L.A. con capacidad para demandar y ser demandado, por lo que correspondía emplazarle conforme a la Regla 4.4(g) de Procedimiento Civil, *supra*.

Oportunamente, el peticionario presentó su moción de reconsideración, para fundamentarse en la falta de capacidad jurídica del Departamento. El tribunal apelativo aco-

---

[1] Apéndice, pág. 29.

gió la moción y le ordenó al E.L.A. exponer su posición en torno a ella. El tribunal apelativo denegó dicha moción mediante resolución de 19 de febrero de 1999, notificada a las partes el 26 de febrero de 1999.

De este dictamen, el peticionario recurre ante nos mediante una petición de *certiorari*, en la cual señaló los errores siguientes:

> [i]ncidió el Tribunal de Circuito de Apelaciones al confirmar la sentencia emitida por el Tribunal Superior, Sala de Guayama, interpretando de forma errónea las disposiciones de la Regla 4.4 de Procedimiento Civil y concluir que era necesario emplazar al Departamento de la Vivinda [sic] para adquirir jurisdicción sobre el ELA.
>
> Incurrió en error el Tribunal de Circuito de Apelaciones al brindar su avál [sic] a la sentencia del Tribunal Superior y permitir la desestimación de la demanda y resolver, sin discutirlo, que la Autoridad de Energía Eléctrica, es parte indispensable en el pleito. Petición de *certiorari*, pág. 4.

El 23 de abril de 1999, expedimos el auto de *certiorari*. Con el beneficio de ambas comparecencias, estamos preparados para resolver.

## II

El Departamento fue creado por la Ley Núm. 97 de 10 de junio de 1972, conocida como la Ley Orgánica del Departamento de la Vivienda, 3 L.P.R.A. sec. 441 *et seq.* Es un departamento ejecutivo de gobierno dirigido a la elaboración y ejecución de la política pública de la vivienda y el desarrollo comunal del E.L.A.(2)

La Regla 4.4 de Procedimiento Civil, *supra*, regula el diligenciamiento personal del emplazamiento y la demanda. En lo pertinente, los incisos (e), (f) y (g) establecen a quién debe entregarse el emplazamiento en ciertos casos. Disponen que:

---

(2) Véase 3 L.P.R.A. secs. 441a y 441b.

(e) A una corporación, compañía, sociedad, asociación o cualquiera otra persona jurídica, entregando copia del emplazamiento y de la demanda a un oficial, gerente administrativo o agente general, o a cualquier otro agente autorizado por nombramiento o designado por ley para recibir emplazamientos.

(f) Al Estado Libre Asociado de Puerto Rico, entregando copia del emplazamiento y de la demanda al Secretario de Justicia, o a una persona designada por éste.

(g) A un funcionario o a una instrumentalidad del Estado Libre Asociado de Puerto Rico, que no fuere una corporación pública, entregando copia del emplazamiento y de la demanda a dicho funcionario o al jefe ejecutivo de dicha instrumentalidad. Además, será requisito indispensable que en todos los pleitos que se insten contra un funcionario o una instrumentalidad del Estado Libre Asociado de Puerto Rico, que no fuere una corporación pública, el demandante entregue copia del emplazamiento y de la demanda al Secretario de Justicia o a la persona que éste designe. Si la instrumentalidad fuere una corporación pública, entregando las copias a tenor con lo dispuesto en la Regla 4.4(e).

En *Rivera Maldonado v. E.L.A.*, 119 D.P.R. 74, 82 (1987), sostuvimos que, como regla general, un departamento ejecutivo no tiene personalidad jurídica distinta y separada del Estado Libre Asociado de Puerto Rico.[3]

En *Huertas v. Cía. Fomento Recreativo*, 147 D.P.R. 12 (1998), reiterando a *Canchani v. C.R.U.V.*, 105 D.P.R. 352 (1976), resolvimos que para que una entidad gubernamental tenga capacidad para demandar y ser demandada, la ley habilitadora de dicha agencia ha de reconocerle expresamente tal facultad o, en su defecto, debe inferirse razonablemente del esquema estatutario.[4] Además, hicimos referencia a los criterios que se han de examinar para determinar si una entidad gubernamental es una corporación pública.[5] Estos son: poseer ingresos propios; tener autonomía fiscal para realizar préstamos; emi-

---

[3] Véase, además, *Torres v. Depto. Recreación y Deportes*, 115 D.P.R. 141 (1984).

[4] Véase, además, *Rivera Maldonado v. E.L.A.*, 119 D.P.R. 74, 81 (1987).

[5] En *A.A.A. v. Unión Empleados A.A.A.*, 105 D.P.R. 437 (1976), ampliamos dichos criterios para incluir otros factores que han de considerarse.

sión de bonos y cuentas bancarias; poseer propiedades; contar con una Junta de Directores; poder aceptar donaciones, y tener capacidad para concertar acuerdos o contratos. *Huertas v. Cía. Fomento Recreativo*, supra, pág. 258; *C.E.S. U.P.R. v. Gobernador*, 137 D.P.R. 83 (1994); *Pagán et al. v. E.L.A. et al.*, 131 D.P.R. 795, 804–805 (1992).

A la luz de los fundamentos expuestos, procedemos a aplicarlos al caso de autos.

## III

En el caso de autos, tanto el tribunal de instancia como el tribunal apelativo erróneamente concluyeron que el Departamento es una instrumentalidad del E.L.A., en cuyo caso le aplica el inciso (g) de la Regla 4.4 de Procedimiento Civil, *supra*. También incidieron al sostener que el tribunal de instancia carecía de jurisdicción en el caso de autos, por cuanto el Secretario del Departamento no fue emplazado.

■ Es de notar que, en nuestra legislación, el concepto "instrumentalidad" no tiene un significado concreto. Sobre el particular, el Secretario de Justicia señaló que: " '[A]l crearse organismos administrativos con personalidad corporativa éstos se han denominado indistintamente "instrumentalidades", "entidades públicas corporativas" o "autoridades".' " (Cita omitida.)[6]

Existe una diferencia entre un departamento o agencia del Gobierno y una corporación o instrumentalidad públicas. Una corporación pública tiene facultad para demandar y ser demandada y, a su vez, genera sus propios fondos. Por el contrario, una instrumentalidad pública, aunque puede demandar y ser demandada, no genera sus propios fondos; éstos provienen del E.L.A. Finalmente, un departamento del Gobierno, por no tener personalidad ju-

---

[6] XXIX (Núm. 1958–3) Op. Sec. Just. Núm. 10.

rídica, no puede demandar ni ser demandado independientemente del Estado.

█ Cabe señalar que, la Ley Orgánica del Departamento de la Vivienda no dispone que el Departamento sea una instrumentalidad o corporación pública con personalidad jurídica independiente del E.L.A. Tampoco le confiere capacidad para demandar y ser demandado. Además, en *Pagán et al. v. E.L.A. et al.*, supra, págs. 807–808, aclaramos que el propósito de adscribir la C.R.U.V. al Departamento no fue fusionar ambas entidades ni absorber en una la personalidad de la otra, sino uniformar y centralizar la formulación de la política pública relativa a la vivienda en Puerto Rico.

█ En dicho caso nos tocó resolver si el E.L.A., a través del Departamento, responde civilmente por actos u omisiones negligentes atribuibles a la Corporación de Renovación Urbana y Vivienda (en adelante la C.R.U.V.). Contestamos en la negativa. Resolvimos que la C.R.U.V. es una corporación pública con personalidad jurídica propia, separada e independiente del E.L.A., que además goza de capacidad para demandar y ser demandada. Por tal razón, es la única responsable de sus actos.

Allí, también, equiparamos al Departamento con el E.L.A. Al dilucidar si el E.L.A. adquirió responsabilidad al disolverse la C.R.U.V., añadimos que ésta "mantiene una personalidad jurídica distinta y separada del Departamento de la Vivienda, y por lo tanto, del E.L.A.". *Pagán et al. v. E.L.A. et al.*, supra, pág. 809. Es decir, el Departamento adquirió las facultades de la C.R.U.V., no así su capacidad para demandar y ser demandada.

█ Concluimos que el Departamento de la Vivienda, al igual que el Departamento de Servicios Sociales,[7] es un departamento ejecutivo de gobierno. Se colige de su esta-

---

[7] Véase *Negrón v. Depto. Servicios Sociales*, 105 D.P.R. 873, 875 (1977).

tuto creador que el Departamento goza de poderes y facultades limitadas. Además, a tenor de lo resuelto en *Canchani v. C.R.U.V.*, supra, la falta de disposición legal expresa estableciendo de que se trata de una corporación o instrumentalidad del gobierno con personalidad jurídica independiente del E.L.A., nos compele a resolver que el Departamento es un departamento ejecutivo que carece de personalidad jurídica separada y distinta del E.L.A.

Por los fundamentos esbozados concluimos que el peticionario actuó correctamente al emplazar únicamente al Secretario de Justicia, al amparo de la Regla 4.4(f) de Procedimiento Civil, *supra*.

## IV

El peticionario argumentó, en segundo lugar, que incidió el tribunal apelativo al confirmar el dictamen del tribunal de instancia, en el que desestimaba la demanda, fundamentándose en que la A.E.E. es parte indispensable en el pleito.

La Regla 16.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone con respecto a la acumulación indispensable de partes que:

[l]as personas que tuvieren un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas según corresponda. Cuando una persona que deba unirse como demandante rehusare hacerlo, podrá unirse como demandada.

En *Cepeda Torres v. García Ortiz*, 132 D.P.R. 698, 704 (1993), reiterando a *Fuentes v. Tribl. de Distrito*, 73 D.P.R. 959, 981 (1952), definimos a una parte indispensable como "aquella persona cuyos derechos e intereses podrían quedar destruídos [sic] o inevitablemente afectados por una sentencia dictada estando esa persona ausente del litigio". Por ende, de no incluir a dicha parte en el pleito, la

sentencia dictada no sería válida. *Unisys v. Ramallo Brothers*, 128 D.P.R. 842, 859 (1991).

En *Cepeda Torres v. García Ortiz*, supra, pág. 704, sostuvimos, además, que la Regla 16.1 de Procedimiento Civil, *supra,* "se inspira en dos (2) axiomas que preordenan nuestro quehacer jurídico. El primero es la protección constitucional que impide que persona alguna sea privada de la libertad y propiedad sin un debido proceso de ley. El segundo es la necesidad de incluir a una parte indispensable para que el decreto judicial emitido sea completo". (Citas omitidas.)

En *Metropolitan Marble Corp. v. Pichardo*, 145 D.P.R. 607 (1998), señalamos que el propósito de la Regla 16.1 de Procedimiento Civil, *supra*, es proteger a las personas ausentes de los posibles efectos perjudiciales de la resolución del caso y evitar la multiplicidad de pleitos.[8]

Sobre el particular, en *Martínez Soria v. Tribunal Superior*, 139 D.P.R. 257 (1995), resolvimos que cuando a una persona ausente no se le ha brindado oportunidad para salvaguardar unos derechos, no se le puede imprimir finalidad a la adjudicación de la controversia medular. No basta con que el ausente haya sido informado de su oportunidad de intervenir en el pleito; ha de ser acumulada como parte. Lo contrario, conllevaría la desestimación del pleito.

En el caso de autos, el peticionario no tenía reclamación alguna contra la A.E.E. Su propósito al mencionar a la A.E.E. en la cuarta alegación de la demanda no fue imputarle a ésta responsabilidad, sino demostrar el incumplimiento del E.L.A.[9] Además, de los hechos no se desprende

---

[8] Véanse, además: *Cepeda Torres v. García Ortiz*, 132 D.P.R. 698 (1993); *Hernández Agosto v. Romero Barceló*, 112 D.P.R. 407 (1982).

[9] La cuarta alegación de la demanda (Apéndice, págs. 11-12) dispone lo siguiente:

"[a]demás, la parte demandante, aunque se ha sacrificado e invertido sus ahorros en el inmueble y ha tomado préstamos para poder cumplir con el pago de su

que existiera relación contractual alguna entre el peticionario y la A.E.E. Tampoco podemos inferir que los intereses de la A.E.E. puedan verse adversamente afectados por la resolución del caso de autos. Por las razones que anteceden, resolvemos que la A.E.E. no es parte indispensable en el pleito.[10]

En vista de lo anterior, concluimos que el Tribunal de Circuito de Apelaciones erró al confirmar la sentencia emitida por el tribunal de instancia, para desestimar la demanda contra del E.L.A. —por entender que era imprescindible emplazar al Secretario del Departamento para adquirir jurisdicción sobre el E.L.A.— y resolviendo, sin discutirlo, que la A.E.E. era parte indispensable en este caso.

Expedido previamente el auto de *certiorari, revocamos la sentencia del Tribunal de Circuito de Apelaciones de 16 de octubre de 1998 y la sentencia del Tribunal de Primera Instancia de 3 de julio de 1998, y devolvemos el caso al tribunal de instancia para la continuación de los procedimientos, en armonía con lo aquí dispuesto.*

*Se dictará sentencia de conformidad.*

La Juez Asociada Señora Naveira de Rodón y el Juez Asociado Señor Fuster Berlingeri concurrieron con el resultado sin opinión escrita.

---

hipoteca, no ha podido habitar su casa, toda vez que la Autoridad de Energía Eléctrica se ha negado a proveer servicio de energía eléctrica, por haberse negado la parte demandada a cumplir con lo exigido por aquella [sic]."

[10] De haber sido parte indispensable, tampoco procedía la desestimación del pleito. Véase la Regla 18 de Procedimiento Civil, 23 L.P.R.A. Ap. III.