EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Asociación de Residentes de San Pedro Estates, Inc.<br><br>   Recurrida<br><br>            v.<br><br>Edgardo Morales Ramírez, Gloria Santiago Rivera, Jaime Torres Gaztambide, et als.<br><br>   Peticionarios | Certiorari<br><br>2003 TSPR 105<br><br>159 DPR \_\_\_\_ |

Número del Caso: CC-2002-474


Fecha: 17 de junio de 2003


Tribunal de Circuito de Apelaciones:
                    Circuito Regional VI

Juez Ponente:
                    Hon. Frank Rodríguez García


Abogados de la Parte Peticionaria:
                    Lcdo. José A. Hernández Mayoral
                    Lcda. Patricia Rivera MacMurray


Abogados de la Parte Recurrida:
                    Lcdo. José E. De La Cruz Skerrett
                    Lcdo. Rafael G. Rivera Rosario


Materia: Cobro de Dinero




Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Asociación de Residentes de
San Pedro Estates, Inc.

      Recurrida

        v.

Edgardo Morales Ramírez,    CC-2002-474    Certiorari
Gloria Santiago Rivera,
Jaime Torres Gaztambide,
et als

      Peticionarios

SENTENCIA

San Juan, Puerto Rico, a 17 de junio de 2003.

Nos corresponde resolver si en una acción de cobro de dinero contra una sociedad especial, los socios de la misma, en su carácter personal, son parte indispensable en el pleito.

I

El 17 de octubre de 2000, la Asociación de Residentes de San Pedro Estates, Inc. (en adelante, la parte demandante) interpuso una demanda sobre cobro de dinero contra el señor Edgardo Morales Ramírez, la señora Gloria Santiago Rivera, sus respectivos cónyuges y sociedades legales de bienes gananciales, así como también contra el señor Jaime Torres Gaztambide, su esposa, la señora Carmen Lydia Vicenty Escalona y la sociedad legal de bienes

gananciales compuesta por ambos, todos ellos haciendo negocios como San Pedro Estates I, S.E. (en adelante, la parte demandada).[1]

San Pedro Estates I, S.E. es una sociedad especial constituida por virtud de la escritura número uno (1) otorgada el 23 de agosto de 1994 ante el Notario Público Cristiano Agosto Reyes, cuyos socios antes mencionados fueron incluidos como demandados en su carácter personal.[2]

En la demanda se alegó que San Pedro Estates I, S.E. era propietaria de doce (12) residencias y tres (3) solares sitos en la urbanización San Pedro Estates. Se alegó que era su obligación pagar a la parte demandante la suma de ciento treinta dólares ($130) mensuales por concepto de cuotas de mantenimiento por cada uno de esos inmuebles. Además, se adujo que los demandados habían dejado de pagar las referidas cuotas de mantenimiento correspondientes a las referidas propiedades inmuebles, razón por la cual al momento de la presentación de la demanda adeudaban a la parte demandante la suma de ciento un mil setecientos noventa dólares ($101,790). La parte demandante solicitó del Tribunal de Primera Instancia que le ordenara a la parte demandada el pago de la suma reclamada, junto con los intereses devengados por la misma, más aquellas cuotas de mantenimiento que vencieran durante el transcurso del pleito.

Posteriormente, los codemandados Morales Ramírez y Santiago Rivera presentaron una moción de

---

[1] Apéndice del recurso de <u>Certiorari</u>, págs. 11-16.

desestimación respecto a la acción instada en su contra, en su carácter personal.[3] La moción aludida fue fundamentada en que la acción judicial dejaba de exponer una reclamación que justificara la concesión de un remedio contra ellos, toda vez que no respondían personalmente por obligaciones contraídas por la persona jurídica San Pedro Estates I, S.E.

La parte demandante se opuso a la referida moción de desestimación.[4] En su escrito en oposición, adujo que, aun cuando San Pedro Estates I, S.E. sea una sociedad especial, los socios que la integraban eran potencialmente responsables en su carácter personal, hasta el monto de su aportación a la sociedad, por las deudas y obligaciones contraídas por la misma, y ello en la eventualidad de que los bienes de la entidad no fueran suficientes para satisfacer sus obligaciones.

El 22 de diciembre de 2000, el foro primario dictó una resolución declarando no ha lugar la moción de desestimación antes descrita.[5] Oportunamente, los codemandados, señor Morales Ramírez y la señora Santiago Rivera, solicitaron del Tribunal de Primera Instancia la reconsideración de la resolución antes señalada. Dicha solicitud fue declarada sin lugar por el referido foro.[6]

Inconformes, los codemandados, señor Morales Ramírez y la señora Santiago Rivera, acudieron ante

---

[2] Íd., pág. 37.

[3] Íd., págs. 17-18.

[4] Íd., pág. 20.

[5] Íd., pág. 27.

el Tribunal de Circuito de Apelaciones mediante recurso de <u>Certiorari</u>, solicitando la revocación de la resolución emitida por el tribunal a quo.[7]  El foro intermedio apelativo denegó la expedición del auto de <u>Certiorari</u> solicitado, mediante sentencia de 25 de junio de 2001.[8]  Concluyó que no procedía la desestimación del pleito en cuanto a los miembros de la sociedad especial San Pedro Estates I, S.E. Determinó lo siguiente:

> ... Toda vez que la aportación individual de cada socio a la sociedad especial responderá por las deudas u obligaciones de la entidad en caso de que los bienes de la misma resulten insuficientes para cubrir sus deudas, cada uno de ellos constituye parte indispensable en el pleito, sin cuya presencia no se podrán adjudicar las reclamaciones contenidas en las alegaciones de la acción judicial.

> ... Sencillamente existe una reclamación contra cada uno de los miembros de la referida sociedad especial, claro está, hasta el monto de sus respectivas aportaciones a la masa social, todo ello para el caso en que, en su día, se determine que San Pedro Estates I, S.E. adeuda las cantidades reclamadas en la demanda y que los activos de dicha sociedad especial, incluyendo las residencias y solares con respecto a los cuales se reclama el pago de las cuotas de mantenimiento atrasadas, resulten insuficientes para cubrir las deudas y obligaciones de la entidad.

Oportunamente, los codemandados, señor Morales Ramírez y la señora Santiago Rivera solicitaron la reconsideración de dicha sentencia.  Mediante resolución de 8 de mayo de 2002, archivada en autos copia de su notificación el 21 de mayo de 2002, el

---

[6] Íd., pág. 31.

[7] Íd., pág. 1.

[8] Íd., pág. 102.

Tribunal de Circuito de Apelaciones declaró no ha lugar la referida solicitud de reconsideración.[9]

Inconformes con dicho dictamen, el señor Morales Ramírez y la señora Santiago Rivera (en adelante, los peticionarios) acuden ante nos, señalando la comisión del siguiente error:

> **Erró el Tribunal de [Primera] Instancia y el Tribunal de Circuito de Apelaciones al concluir que un socio de una sociedad especial es parte indispensable en una demanda contra la sociedad especial por entender que éste podría responder en cantidad igual al monto de su aportación en caso de que el patrimonio social no alcance para satisfacer la obligación de la sociedad.** (Énfasis nuestro.)

## II

Concluimos que incidió el Tribunal de Circuito de Apelaciones al denegar la expedición del auto solicitado. Expedido el auto, se revoca la resolución recurrida y aquella emitida por el Tribunal de Primera Instancia. Se desestima la reclamación instada ante el Tribunal de Primera Instancia por la demandante de autos contra los socios de San Pedro Estates I, S.E. en su carácter personal.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez emite Opinión de Conformidad, a la cual se une el Juez Asociado señor Corrada del Río. El Juez Asociado señor Fuster Berlingeri disiente del dictamen de la mayoría en el caso de autos por entender que los socios demandados son partes indispensables, pues éstos han de responder de la

reclamación formulada por la parte demandante si resultare que el patrimonio social no alcanzaba para atender dicha reclamación. Por ende, el Juez Asociado señor Fuster Berlingeri entiende que no existe justificación jurídica alguna en el caso de autos para que este Tribunal le niegue a la parte demandante su derecho a incluir a los socios en cuestión como demandados. Como la mayoría del Tribunal decreta otra cosa, el Juez Asociado señor Fuster Berlingeri disiente del dictamen mayoritario. El Juez Presidente señor Andréu García y el Juez Asociado señor Rebollo López no intervinieron.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo

---

[9] Íd., pág. 116.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Asociación de Residentes de
San Pedro Estates, Inc.

    Recurrida

    v.

                           CC-2002-474     Certiorari

Edgardo Morales Ramírez,
Gloria Santiago Rivera,
Jaime Torres Gaztambide,
et als

    Peticionarios

Opinión de Conformidad emitida por el Juez Asociado señor Rivera Pérez, a la cual se une el Juez Asociado señor Corrada del Río.

San Juan, Puerto Rico, a 17 de junio de 2003.

A tenor con el artículo 1556 del Código Civil de Puerto Rico,[10] la sociedad es un contrato mediante el cual dos (2) o más personas se obligan a poner en común dinero, bienes o industria, con ánimo de partir entre sí las ganancias. Sobre la personalidad jurídica de la sociedad civil, en Asociación de Propietarios v. Santa Bárbara Co.,[11] citando a Enneccerus,[12] señalamos lo siguiente:

> ... Ciertamente, la personalidad jurídica de la sociedad ha de traducirse en la sujeción del patrimonio social al cumplimiento de las obligaciones de aquélla, de conformidad con la regla general del art. 1.911; [equivalente al art. 1811 del Código Civil nuestro, 31 L.P.R.A. sec. 5171] pero una cosa es afirmar que responde la sociedad (**persona distinta de los socios, dotada de un patrimonio diferenciado del privativo de**

---

[10] 31 L.P.R.A. sec. 4311.

[11] 112 D.P.R. 33, 46 (1982).

[12] Enneccerus-Kipp-Wolff, Tratado de Derecho Civil, 1966, T. II, Vol. 2, pág. 729.

**cada uno de éstos**) *y otra cosa es estimar que solamente responda ella.* (Énfasis nuestro.)

...

Este Tribunal ha señalado que "[l]a personalidad jurídica que nace mediante el contrato de sociedad no es de total independencia de la personalidad de los socios que la forman. La existencia de una sociedad civil de jure, no exime de responsabilidad a sus socios en su capacidad individual. Responden con su patrimonio personal, subsidiaria y mancomunadamente, de las obligaciones de la sociedad en caso de que el patrimonio social no sea suficiente. La responsabilidad de éstos deberá determinarse en un juicio plenario".[13]

Por otro lado, la sociedad especial es una modalidad de la sociedad civil incorporada al ordenamiento jurídico puertorriqueño con el propósito de incentivar el desarrollo de ciertas áreas o actividades económicas, pues este mecanismo no tributa como un ente separado, solamente tributan sus socios en su carácter individual.[14]

Respecto de la sociedad especial, el artículo 1589 del Código Civil de Puerto Rico[15] establece lo siguiente:

...

No obstante lo que se disponga en otra parte de este título, los socios que compongan una "sociedad especial" creada al amparo de las leyes aplicables vigentes y en cumplimiento con todos los requisitos del Suplemento "P" del Capítulo 3 de la Ley Núm. 91 de 29 de junio de 1954, según enmendada, conocida como "Ley de Contribuciones Sobre Ingresos de 1954" o de las secs. 8630 a 8658 del Título 13, parte del "Código de Rentas Internas de Puerto Rico de 1994", **y que lo**

---

[13] Asociación de Propietarios v. Santa Bárbara Co., supra, pág. 50.

[14] Marcial v. Tomé, 144 D.P.R. 522, 544 (1997).

[15] 31 L.P.R.A. sec. 4372.

**expresen en su nombre con las siglas S.E. luego del nombre de la sociedad, no serán responsables con su patrimonio personal más allá de su aportación a la sociedad especial por las deudas y obligaciones de la sociedad, en caso de que el patrimonio social no alcance para cubrirlo. Nada de lo aquí dispuesto se deberá interpretar de forma tal que limite las obligaciones de un socio por sus actos personales.** (Énfasis nuestro.)

En contraposición a la sociedad civil, los miembros de una sociedad especial disfrutan del elemento de responsabilidad limitada. Dicha responsabilidad limitada reside en que los socios de una sociedad especial son responsables por las deudas y obligaciones de la empresa hasta el monto de su aportación a la entidad, en el caso de que el patrimonio social no alcance para cubrir tales obligaciones.[16]

Expuesta la normativa que rige la sociedad especial y el alcance de la responsabilidad de sus socios respecto de las obligaciones adquiridas por la primera, a los fines de resolver la controversia ante nos, es menester abundar sobre quiénes son partes indispensables en un pleito.

La Regla 16.1 de Procedimiento Civil,[17] establece lo siguiente:

> Las personas que tuvieren un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas según corresponda. Cuando una persona que deba unirse como demandante rehusare hacerlo, podrá unirse como demandada.

Esta Curia ha identificado a una parte indispensable como "aquella persona cuyos derechos e intereses podrían quedar destruidos o inevitablemente afectados por una sentencia dictada estando esa persona ausente del litigio".[18]

---

[16] _Marcial v. Tomé_, _supra_, págs. 545-546.

[17] 32 L.P.R.A. Ap. III, R. 16.1.

Por tanto, de no incluir a dicha parte en el pleito la sentencia dictada no sería válida.[19]

En Fred y otros v. E.L.A., supra, reiterando a Cepeda Torres v. García Ortiz, supra, sostuvimos que la Regla 16.1 de Procedimiento Civil, supra, "se inspira en dos (2) axiomas que preordenan nuestro quehacer jurídico. El primero es la protección constitucional que impide que persona alguna sea privada de la libertad y propiedad sin un debido proceso de ley. (Citas omitidas.) El segundo es la necesidad de incluir a una parte indispensable para que el decreto judicial emitido sea completo..."

Hemos expresado que el propósito de la Regla 16.1 de Procedimiento Civil, supra, es "proteger a las personas ausentes de los posibles efectos perjudiciales de la resolución del caso y evitar la multiplicidad de pleitos".[20]

Este Tribunal ha resuelto que la frase *interés común* contenida en la Regla 16.1 de Procedimiento Civil, supra, no se refiere a "cualquier interés en el pleito", sino a "un interés de tal orden que impida la preparación de un decreto judicial sin afectarlo". Respecto de la frase *sin cuya presencia no pueda adjudicarse la controversia* que aparece en la aludida regla, hemos establecido que se refiere a aquella persona que debe hacerse parte en el pleito para evitar que su interés en el mismo quede afectado, pero "el interés afectado tiene que ser de índole **real e inmediata,**

---

[18] Fred y otros v. E.L.A., res. el 24 de marzo de 2000, 2000 T.S.P.R. 49, 150 D.P.R. ___ (2000), 2000 JTS 62; Cepeda Torres v. García Ortiz, 132 D.P.R. 698, 704 (1993); Fuentes v. Tribl. de Distrito, 73 D.P.R. 959, 981 (1952).

[19] Fred y otros v. E.L.A., supra, reiterando a Unisys v. Ramallo, 128 D.P.R. 842, 859 (1991).

[20] Fred y otros v. E.L.A., supra, reiterando a Metropolitan Marble Corp. v. Pichardo, 145 D.P.R. 607, 614 (1998).

al extremo de impedir la confección de un decreto adecuado".[21] (Énfasis nuestro.)

Con este trasfondo fáctico y normativo, procedemos a analizar la controversia ante nos.

La sociedad especial San Pedro Estates I, S.E. tiene una personalidad jurídica distinta de la de sus socios, entre los cuales figuran los aquí peticionarios. Recordemos que la sociedad especial es una modalidad de la sociedad civil cuya personalidad jurídica hemos resaltado en otras ocasiones.[22] Los socios de San Pedro Estates I, S.E. responden por las deudas y obligaciones contraídas por dicha sociedad especial únicamente hasta el monto de su aportación a la misma, en caso de que el patrimonio social no alcance para responder por tales obligaciones. Es decir, que si el patrimonio de San Pedro Estates I, S.E. no fuera suficiente para satisfacer la alegada deuda de cuotas de mantenimiento objeto de la acción instada en su contra, los socios únicamente arriesgan perder lo aportado y no responderán con su patrimonio personal más allá de ello.[23] La aportación hecha por los socios de la referida sociedad especial no se encuentra separada del patrimonio social ni tampoco se encuentra en posesión de los socios, pues éstos la colocaron a disposición de la sociedad. La responsabilidad de éstos es una limitada.

_____

[21] Mun. de Ponce v. A.C. et al., res. el 29 de diciembre de 2000, 2000 T.S.P.R. 194, 153 D.P.R. ___ (2000), 2001 J.T.S. 3; Hernández Agosto v. López Nieves, 114 D.P.R. 601, 607-611 (1983).

[22] Véase, Marcial v. Tomé, supra, pág. 544; Asociación de Propietarios v. Santa Bárbara Co., supra, pág. 50.

[23] Véase, artículo 1589 del Código Civil, supra.

Dado que San Pedro Estates I, S.E. posee personalidad jurídica y que sus miembros **no responden por las deudas de la primera más allá de su aportación a ésta,** en caso de que el patrimonio social no sea suficiente, concluimos que el interés que los socios de la sociedad especial San Pedro Estates I, S.E. tienen en el pleito no es **real e inmediato,** al extremo de impedir la confección de un decreto adecuado.[24] En otras palabras, dichos socios no son personas con un interés común sin cuya presencia en el pleito de autos no pueda adjudicarse la controversia, razón por la cual no son partes indispensables en el mismo.[25]


Efraín E. Rivera Pérez
Juez Asociado

---

[24] Véase, <u>Mun. de Ponce v. A.C. et al.,</u> <u>supra</u>; <u>Hernández Agosto v. López Nieves,</u> <u>supra.</u>

[25] Véase, Regla 16.1 de Procedimiento Civil, <u>supra.</u>