Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| SERGIO DÍAZ RIVERA<br><br>Apelante<br><br>v.<br><br>POLICÍA DE PUERTO RICO<br><br>Apelado | KLAN202300710 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Caso Núm. GR2023CV00035<br><br>Sobre:<br>Petición de Licencia de Armas de Fuego |

Panel integrado por su presidente el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de noviembre de 2023.

I.

El 11 de julio de 2022, el Sr. Sergio Díaz Rivera recibió una misiva del Negociado de Investigaciones de Licencias e Inspección de Armas de Fuego de Puerto Rico (Negociado), denegándole su solicitud de licencia de armas de fuego #421926. El Negociado justificó su acción en la alegada negligencia y descuido del señor Díaz Rivera en el manejo de armas de fuego, así como en su incumplimiento con el pago de la mitad de las multas y/o penalidades correspondientes a la renovación de la licencia.

Oportunamente, el 22 de julio de 2022, el señor Díaz Rivera solicitó *Reconsideración*. Transcurrido los quince (15) días dispuestos por la Ley de Armas y el Reglamento para Administrar la Ley de Armas de Fuego, el Negociado nunca se expresó sobre la *Reconsideración* presentada. Por ello, el 7 de febrero de 2023, el señor Díaz Rivera presentó *Demanda* contra la Policía de Puerto Rico. El mismo día, la Secretaría expidió el emplazamiento dirigido al Comisionado de la Policía de Puerto Rico, el Sr. Antonio López Figueroa.

Número Identificador

SEN2023_____

Posteriormente, el 13 de febrero de 2023, el señor Díaz Rivera sometió ante el Foro primario *Moción Informativa*. Alegó que, el Negociado había sido emplazado el 9 de febrero de 2023 y anejó el emplazamiento diligenciado. Sin embargo, de dicho anejo se desprende que se diligenció un emplazamiento al Negociado en el caso civil número -**GR2022CV00225**-. De una búsqueda en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), pudimos percatarnos que se trata de otra *Demanda* sobre el mismo asunto que el señor Díaz Rivera presentó contra el Negociado el 22 de agosto de 2022.

Luego, el 18 de abril de 2023, el señor Díaz Rivera le solicitó al Tribunal de Primera Instancia que anotara la rebeldía al Negociado. Basó su solicitud en que había trascurrido el término establecido en nuestro ordenamiento jurídico para que el Negociado presentara su alegación responsiva. Tras no ser atendida su solicitud, el 15 de mayo de 2023, el señor Díaz Rivera presentó *Segunda Moción para Anotación de Rebeldía*.

Así las cosas, el 15 de mayo de 2023, notificada el 16, el Tribunal de Primera Instancia emitió *Sentencia* y desestimó la *Demanda* por falta de jurisdicción. Fundó su dictamen en que el señor Díaz Rivera no agotó los remedios administrativos provistos por el Reglamento para Administrar la Ley de Armas de Puerto Rico 2020. Inconforme, el 18 de mayo de 2023, el señor Díaz Rivera presentó *Reconsideración*. Mediante *Resolución* notificada el 12 de julio de 2023, el Foro *a quo* declaró "No Ha Lugar" dicha *Reconsideración*.

Aún en desacuerdo, el 11 de agosto de 2023, el señor Díaz Rivera acudió ante nos mediante *Apelación* [de] *Revisión Judicial*. Plantea:

> **ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA DE CAGUAS, AL DESESTIMAR LA DEMANDA DE REVISIÓN JUDICIAL SOBRE DENEGATORIA DE**

**RENOVACIÓN DE LICENCIA DE ARMAS DE FUEGO POR CARECER DE JURISDICCIÓN POR NO HABERSE AGOTADO LOS REMEDIOS ADMINISTRATIVOS CONTENIDOS EN EL REGLAMENTO PARA ADMINISTRAR LA LEY DE ARMAS DE FUEGO**.

Evaluado su recurso, el 24 de agosto de 2023, emitimos *Resolución* concediéndole término hasta el 11 de septiembre de 2023 al Negociado para que compareciera con su respectiva oposición. El 11 de septiembre de 2023, mediante *Comparecencia Especial*, el Negociado alegó que no habían sido correctamente emplazados, razón por la cual no habían comparecido incluso ante el Foro primario. Sostuvo que el señor Díaz Rivera emplazó únicamente al Comisionado del Negociado de la Policía de Puerto Rico, y no al Secretario de Justicia según requerido por ley. Basó su alegación en que, el Negociado no tiene personalidad jurídica distinta y separada al Gobierno de Puerto Rico, por lo cual, al ser demandado se tiene que emplazar al Secretario de Justicia o a la persona a quien este le haya delegado esa función.

A esos efectos, el 15 de septiembre de 2023 concedimos término de veinte (20) días al señor Díaz Rivera para que mostrara causa por la cual no debíamos revocar la *Sentencia* y ordenar la desestimación de la *Demanda* bajo los fundamentos expuestos en la *Comparecencia Especial*. Vencido dicho plazo sin que el señor Díaz Rivera compareciera, procedemos a resolver.

II.

A.

El emplazamiento es el mecanismo procesal por el cual se le notifica a la parte demandada sobre la existencia de una reclamación instada en su contra.[1] Mediante esta notificación el tribunal adquiere jurisdicción sobre la persona demandada

---

[1] *Rivera Marrero* v. *Santiago Martínez*, 203 DPR 462 (2019). Véase, además, *Rivera* v. *Jaume*, 157 DPR 562, 575 (2002).

quedando así éste obligado por el dictamen que en su día recaiga.[2]

Se ha resuelto que existe una política pública que exige que la parte demandada sea emplazada y notificada debidamente en aras de evitar el fraude y garantizar un debido procedimiento de ley.[3]

En términos procedimentales, la Regla 4.1 de Procedimiento Civil,[4] exige a la parte demandante presentar el formulario de emplazamiento conjuntamente a la demanda para que el Secretario lo expida de forma inmediata. Se trata de un trámite ministerial, automático, subsiguiente a la presentación de la demanda, como evento inmediato que da inicio a la acción civil.[5] Nuestro más alto Foro ha establecido que el adecuado diligenciamiento del emplazamiento constituye un imperativo constitucional del debido proceso de ley, por lo que se exige un cumplimiento estricto cuando de obedecer sus requisitos se trata.[6]

Por otro lado, en lo pertinente a la controversia ante nos, los incisos (e), (f) y (g) de la Regla 4.4 de Procedimiento Civil[7] disponen lo siguiente:

> El emplazamiento y la demanda se diligenciarán conjuntamente. Al entregar la copia de la demanda y del emplazamiento, ya sea mediante su entrega física a la parte demandada o haciéndolas accesibles en su inmediata presencia, la persona que lo diligencie hará constar al dorso de la copia del emplazamiento sobre su firma, la fecha, el lugar, el modo de la entrega y el nombre de la persona a quien se hizo la entrega. El diligenciamiento se hará de la manera siguiente:
>
> […]
>
> (e) A una corporación, compañía, sociedad, asociación o cualquier otra persona jurídica, entregando copia del emplazamiento y de la demanda a un(a) oficial, gerente administrativo(a), agente general o a cualquier otro(a) agente autorizado(a) por nombramiento o designado(a) por ley para recibir emplazamientos. A la Sociedad Legal

---

[2] *Rivera*, 203 DPR, pág. 481; *Bernier González* v. *Rodríguez Becerra*, 200 DPR 637 (2018); *Márquez* v. *Barreto*, 143 DPR 137, 142 (1997).

[3] *Rivera*, 203 DPR, pág. 481; Véase, además, *Informe de Reglas de Procedimiento Civil* de diciembre de 2009. Énfasis nuestro.

[4] 32 LPRA Ap. V, R. 4.1.

[5] *Monell* v. *Mun. de Carolina*, 146 DPR 20, 24 (1998).

[6] *Chase Manhattan Bank* v. *Polanco Martínez*, 131 DPR 530, 535 (1992); *Rodríguez* v. *Nasrallah*, 118 DPR 93, 98 (1986).

[7] Íd.

de Gananciales, entregando copia del emplazamiento y de la demanda a ambos cónyuges.

(f) **Al Estado Libre Asociado de Puerto Rico, entregando copia del emplazamiento y de la demanda al Secretario o Secretaria de Justicia o a la persona que designe.**

(g) A un(a) funcionario(a) o a una instrumentalidad del Estado Libre Asociado de Puerto Rico, que no sea una corporación pública, entregando copia del emplazamiento y de la demanda a dicho(a) funcionario(a) o al (a la) jefe(a) ejecutivo(a) de dicha instrumentalidad. *Además, será requisito indispensable que en todos los pleitos que se insten contra un(a) funcionario(a) o una instrumentalidad del Estado Libre Asociado de Puerto Rico, que no sea una corporación pública, la parte demandante entregue copia del emplazamiento y de la demanda al Secretario o Secretaria de Justicia o a la persona que este designe.* Si la instrumentalidad es una corporación pública, entregando las copias según lo dispuesto en la Regla 4.4 (e).

[…].[8]

De la Regla anteriormente transcrita se puede colegir que el emplazamiento dirigido al ELA deberá diligenciarse al Secretario de Justicia o a la persona designada, mientras que un emplazamiento dirigido a una instrumentalidad o funcionario del ELA, que no fuese corporación pública, se diligencia con la entrega de copia de éste y de la demanda al jefe ejecutivo de la instrumentalidad concernida y al Secretario de Justicia. Para determinar con qué inciso de la Regla 4.4 se debe cumplir, hay que determinar si la demandada es una corporación pública, una "instrumentalidad" o el propio Estado.[9]

Cónsono con lo anterior, nuestro más Alto Foro en *Fred y otros* v. *ELA*,[10] determinó que las corporaciones públicas se emplazan según lo dispuesto en la Regla 4.4 (e), las "instrumentalidades" que no sean corporaciones públicas según la Regla 4.4 (g) y cuando se trate del Estado propiamente, se recurrirá a la Regla 4.4 (f).[11] En

---

[8] Énfasis suplido.
[9] Véase: *González* v. *Administración de Corrección*, 190 DPR 14 (2014).
[10] 150 DPR 599 (2000).
[11] Íd*.,* pág. 605.

dicho caso se adoptaron unos criterios para distinguir entre estos tres tipos de organismos públicos.

En primer lugar, se diferenció entre aquellas entidades gubernamentales que no tienen personalidad jurídica propia y aquellas que sí la tienen. **Si la entidad no posee personalidad jurídica propia, el verdadero demandado es el Estado Libre Asociado, por lo que se debe recurrir a la Regla 4.4 (f). En esa circunstancia, no es necesario emplazar al jefe de la agencia para adquirir jurisdicción sobre el Estado**. En segundo lugar, se diferenció entre las entidades que son "instrumentalidades" públicas y aquellas que son corporaciones públicas. Ya que una corporación pública tiene facultad para demandar y ser demandada y, a su vez, genera sus propios fondos debe ser emplazada a tenor con la Regla 4.4 (e). Por el contrario, una 'instrumentalidad' pública, aunque tenga personalidad jurídica propia y puede demandar y ser demandada, no genera sus propios fondos ya que los mismos provienen del Estado, y debe ser emplazada a tenor con la regla 4.4 (g). Es decir, sólo cuando se trata de ese tipo de entidad gubernamental, el emplazamiento al Estado Libre Asociado es inválido si solo se notifica al jefe de la entidad gubernamental pero no se emplaza al Secretario de Justicia.

En *González* v. *Administración de Corrección*,[12] nuestro Tribunal Supremo expuso que:

> [C]uando se demanda a un departamento ejecutivo del Gobierno, sin personalidad propia para demandar y ser demandado, la verdadera parte demandada es el ELA y no el Departamento. La inclusión del Departamento como parte querellada o demandada es improcedente por superflua y debe eliminarse. Como regla general, **un departamento ejecutivo no tiene personalidad jurídica distinta y separada del Estado Libre Asociado de Puerto Rico y, por tanto, no puede demandar ni ser demandado independiente del Estado**. Para que una entidad gubernamental tenga capacidad para demandar y ser demandada, su ley

---

[12] 190 DPR 14 (2014), citando a J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, Tomo I, JTS, 2000, pág. 168.

habilitadora ha de reconocerle expresamente esa facultad o, en su defecto, debe inferirse razonablemente del esquema estatutario. **De concluir que, en efecto, la dependencia gubernamental no posee personalidad jurídica propia, estaremos ante el Estado propiamente.** Si bien existen otros factores que facilitan el análisis para distinguir entre una agencia y una "instrumentalidad", sin duda el más importante es la existencia de personalidad jurídica propia, es decir, su capacidad de demandar y ser demandada.[13]

B.

De otra parte, la Ley Núm. 20 del 10 de abril de 2017, según enmendada, conocida como la *Ley del Departamento de Seguridad Pública de Puerto Rico*, dispone en el Artículo 2.01 que, al instituir el Negociado su propósito fue crear en el Gobierno de Puerto Rico un organismo civil de orden público.[14] Así mismo, la Ley Núm. 20-2017 establece en su Artículo 2.02 que, la autoridad suprema en cuanto a la dirección del Negociado de la Policía de Puerto Rico será ejercida por el Gobernador de Puerto Rico, mientras que, la administración y supervisión inmediata estará delegada en el Secretario del Departamento de Seguridad Pública del Gobierno de Puerto Rico.

Ello así, de un análisis de la ley orgánica del Negociado sobre sus facultades y deberes podemos colegir que es una dependencia del Estado, que no tiene personalidad jurídica separada. Por lo cual, corresponde su emplazamiento a través del Secretario de Justicia o mediante la persona que este designe.

III.

En este caso, el señor Díaz Rivera instó su *Demanda* contra el Negociado para que el Foro primario ordenara la renovación de su licencia de armas. A esos efectos, el 13 de febrero de 2023, notificó al Tribunal de Primera Instancia que había diligenciado el emplazamiento de dicha dependencia. Sin embargo, como esbozamos previamente, el diligenciamiento del emplazamiento

---

[13] Énfasis suplido.
[14] 25 LPRA § 3531.

realizado al Negociado que se acompañó fue bajo un caso distinto con número civil -**GR2022CV00225**-. Ello convierte dicho diligenciamiento en uno inválido. Además, la intención del señor Díaz Rivera fue emplazar únicamente al Negociado, pasando por alto que dicha dependencia carece de personalidad jurídica distinta y separada al Gobierno de Puerto Rico, para demandar y ser demandada.

Para poder incoar su causa de acción, el señor Díaz Rivera debe emplazar correctamente al Secretario de Justicia como representante del verdadero demandado que es el Estado Libre Asociado. No hacerlo privó al Tribunal de Primera Instancia de jurisdicción sobre la parte demandada. Aunque por un fundamento incorrecto, actuó correctamente el Foro recurrido al desestimar la causa de acción.

IV.

Por los fundamentos antes expuestos, se *confirma* la *Sentencia* emitida y ordenamos la *desestimación* de la *Demanda* por no haberse emplazado al ELA correctamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones. La Juez Aldebol Mora emite por escrito Voto concurrente.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

| SERGIO DÍAZ RIVERA  Apelante  v.  POLICÍA DE PUERTO RICO  Apelado | KLAN202300710 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Caguas  Caso Núm. GR2023CV00035  Sobre: Petición de Licencia de Armas de Fuego |
|---|---|---|

Panel integrado por su presidente el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

**VOTO CONCURRENTE DE LA JUEZ WALESKA ALDEBOL MORA**

En San Juan, Puerto Rico, a 29 de noviembre de 2023.

Concurro con lo resuelto mediante la *Sentencia* de epígrafe, por entender que procede la desestimación del recurso por falta de jurisdicción. Ahora bien, la Mayoría de este Panel descansa su análisis en que la parte apelante, Sergio Díaz Rivera, debe emplazar correctamente al Secretario de Justicia como representante del Estado Libre Asociado de Puerto Rico (ELA), parte demandada en el pleito de epígrafe, para que, así, el Tribunal de Primera Instancia tenga jurisdicción sobre dicha parte.

Por el contrario, desestimaría el presente recurso por falta de jurisdicción bajo el fundamento de falta de notificación adecuada. Ello, debido a que el Negociado de la Policía de Puerto Rico falló en notificar adecuadamente la misiva con nomenclatura SAIC-NILIAF-DRAEL-9-32, mediante la cual denegó la solicitud de licencia de armas de fuego promovida por la parte apelante.[1]

En particular, el referido organismo no atemperó, conforme exige nuestro ordenamiento jurídico actual, las advertencias legales en dicho documento, toda vez que: (1) no apercibió a la parte

---
[1] Véase, Anejo III del recurso, págs. 3-4.

Número Identificador

SEN2023_____

apelante que tenía derecho a solicitar una vista administrativa; (2) el término para solicitar la reconsideración no es de quince días, sino de veinte, conforme a la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9655; y (3) debía apercibir que la revisión judicial es ante el Tribunal de Apelaciones y no ante el Tribunal de Primera Instancia.

Debido a la notificación defectuosa de la determinación administrativa, no solo los términos jurisdiccionales para solicitar una revisión judicial no comenzaron a transcurrir, sino que la parte apelante, por desconocer propiamente sus derechos, recurrió al foro equivocado en búsqueda de un remedio que el Tribunal de Primera Instancia no tiene jurisdicción para proveer, independientemente si dicha parte emplaza correctamente al ELA.

Por todo lo antes, respetuosamente concurro con el dictamen emitido.


                                      Waleska Aldebol Mora
                                      Juez de Apelaciones