<table>
<tr><td colspan="3" align="center">ESTADO LIBRE ASOCIADO DE PUERTO RICO<br>TRIBUNAL DE APELACIONES<br>PANEL IV</td></tr>
<tr>
<td>A.B.F.<br><br>JULIA FELIZ BARRERA<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE EDUCACIÓN<br><br>Recurrida</td>
<td>TA2026RA00109</td>
<td>REVISIÓN procedente del Foro Administrativo de Educación Especial<br><br>Caso Número: QEE-2425-01-06-02005<br><br>Sobre:<br>PEI, Ubicación, Evaluación No Identificada, Asistente de Servicios, Terapia No Identificada, Localización</td>
</tr>
<tr>
<td>S.B.F.<br><br>JULIA FELIZ BARRERA<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE EDUCACIÓN<br><br>Recurrida</td>
<td></td>
<td>REVISIÓN procedente del Foro Administrativo de Educación Especial<br><br>Caso Número: QEE-2425-01-06-02004<br><br>Sobre:<br>PEI, Ubicación, Evaluación No Identificada, Asistente de Servicios, Terapia No Identificada, Localización</td>
</tr>
</table>

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero

Ortiz Flores, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 6 de abril de 2026.

Comparece Julia Feliz Barrera (Sra. Feliz Barrera o parte recurrente) mediante un *Recurso de Revisión Judicial por Inacción Administrativa, Dilación Irrazonable y Remedio Administrativo Ilusorio* por su inconformidad con la inacción de la Defensoría de las Personas con Impedimentos (DPI), oficina adscrita al Departamento de Educación de Puerto Rico, la persona jurídica recurrida, respecto a una querella

administrativa del caso Núm. DPI-2025-07-0051, presentada el 15 de julio de 2025, relacionada a violaciones de los derechos educativos de los menores ABF Y SBF.

Por los fundamentos que expondremos a continuación, se desestima el presente recurso por falta de jurisdicción.

## I

Surge del recurso de la parte recurrente que, el 15 de julio de 2025, la Sra. Feliz Barrera instó una querella ante el DPI, caso Núm. DPI-2025-07-0051, por violaciones a los derechos de sus hijos, ABF y SBF.[1] Surge, además, que sus hijos tienen discapacidades y que el idioma dominante de estos es el inglés, por lo que necesitan acceso a un currículo educativo en inglés o bilingüe. Tras varios trámites procesales para requerir actuación administrativa del DPI, no surge del recurso que la querella haya sido resuelta en los méritos. En vista de lo anterior, la Sra. Feliz Barrera presentó el presente recurso por su inconformidad con la inacción de la agencia.

Conviene mencionar que, el 19 de marzo de 2026, este foro emitió una *Resolución,* mediante la cual le concedió a la parte recurrente hasta el 24 de marzo de 2026 para que acreditara la notificación a la parte recurrida, el Departamento de Educación, y presentara copia de las dos (2) resoluciones finales recurridas, toda vez que las sometidas como anejos en el SUMAC parecen estar incompletas.

## II

## A

Es norma conocida por toda la profesión legal en Puerto Rico que el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013); *Cárdenas Maxán v. Rodríguez*, 119 DPR 642, 659 (1987). Por consiguiente, "las partes o el foro apelativo no pueden soslayar injustificadamente el cumplimiento del reglamento del tribunal de apelaciones". *Morán v. Marti,* 165 DPR 356, 364 (2005). En ese sentido, las normas que rigen el

---

[1] SUMAC TA a la Entrada Núm. 1.

perfeccionamiento de los recursos apelativos deben observarse rigurosamente. *UGT v. Centro Médico del Turabo, Inc.*, 208 DPR 944, 957 (2022); *Isleta v. Inversiones Isleta Marina, Inc.*, 203 DPR 585, 590 (2019); *Rojas v. Axtmayer Ent., Inc.* 150 DPR 560, 564 (2000). De lo contrario, el incumplimiento con las referidas normas impedirá que el recurso presentado se perfeccione adecuadamente, privando de jurisdicción al foro apelativo. *Morán v. Marti,* supra, a la pág. 366.

Particularmente, la Regla 58 (B) (1) de nuestro Reglamento dispone que:

> La parte recurrente notificará el escrito de revisión debidamente sellado con la fecha y la hora de su presentación a los abogados o las abogadas de récord del trámite administrativo o, en su defecto, a las partes, así como a la agencia o al funcionario administrativo o funcionaria administrativa de cuyo dictamen se recurre, dentro del término para presentar el recurso, siendo este un término de cumplimiento estricto. Regla 58 (B)(1) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 81, 215 DPR __ (2025).

Como corolario de lo anterior, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, confiere facultad a este Tribunal para, a iniciativa propia o a petición de parte, desestimar un recurso o denegar un auto discrecional cuando el incumplimiento de una parte con un requisito reglamentario sea de naturaleza jurisdiccional o de cumplimiento estricto. Regla 83 (C) del Reglamento del Tribunal de Apelaciones*, In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 117, 215 DPR __ (2025).

A la luz de la normativa antes expuesta, procederemos a resolver la controversia ante nos.

**III**

Es norma conocida que, como Tribunal revisor, nos corresponde auscultar nuestra propia jurisdicción como paso previo a entender en los méritos de un recurso. Esto, debido a que las cuestiones relacionadas a la jurisdicción deben ser resueltas con preferencia, puesto a que inciden directamente sobre el poder que tiene un tribunal para adjudicar las controversias. *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019); *Fuentes Bonilla v. ELA et al.*, 200 DPR 364, 372 (2018). Por consiguiente,

cuando este Tribunal carece de jurisdicción, lo apropiado es que desestimemos la reclamación, sin entrar en sus méritos. *R&B Power, Inc. v. Junta de Subastas ASG,* 213 DPR 685, 698 (2024). A tenor, y luego de haber examinado los autos ante nuestra consideración, disponemos que en este caso no tenemos jurisdicción. Lo anterior, dado a que el incumplimiento con las reglas de los tribunales apelativos impide que el recurso presentado se perfeccione adecuadamente, privando de jurisdicción al foro apelativo. Nos explicamos.

En este caso, en su escrito de revisión administrativa, la parte recurrente no acreditó haber notificado el presente recurso al Departamento de Educación, conforme requiere la Regla 58 del Reglamento del Tribunal de Apelaciones. Regla 58 (B)(1) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, *supra,* pág. 81. La aludida regla dispone en su inciso (B)(1) que la parte recurrente notificará el escrito de revisión a los abogados o las abogadas de récord del trámite administrativo o, en su defecto, a las partes, así como a la agencia o al funcionario administrativo o funcionaria administrativa de cuyo dictamen se recurre, dentro del término para presentar el recurso, siendo este un término de cumplimiento estricto. El Tribunal Supremo ha reiterado que *"como regla general, un departamento ejecutivo no tiene personalidad jurídica distinta y separada del Estado Libre Asociado de Puerto Rico"*. *Fred y otros v. E.L.A*, 150 DPR 599, 605 (2000).

Un examen del marco legal aplicable al tipo de recurso administrativo presentado y los autos ante nuestra consideración revelan sin ambages el claro incumplimiento, toda vez que la parte recurrente incumplió con la *Resolución*, emitida el 19 de marzo de 2026, para que acreditara la notificación a la parte recurrida, el Departamento de Educación, y presentara copia de las dos (2) resoluciones finales recurridas. Siendo este término de cumplimiento estricto, procede desestimar el recurso, a tenor con la facultad conferida por la Regla 83 (C) del Reglamento del Tribunal de Apelaciones. Regla 83(C) del Reglamento

del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA, supra*, pág. 117.

**IV**

Por los fundamentos que anteceden, se *desestima* el recurso de revisión por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones