138

CONCEPCIÓN DAPENA QUIÑONES, ISABEL ALVARADO POU, demandantes y peticionarias, *v.* PROVIDENCIA URRUTIA VDA. DE DEL VALLE, JOSÉ ENRIQUE DEL VALLE URRUTIA, demandados y recurridos; AURELIO CINQUE y MARÍA G. BONILLA, interventores y recurridos, ESTADO LIBRE ASOCIADO DE PUERTO RICO, demandado adicional.

*Número:* O-79-294     *Resuelto:* 17 de octubre de 1979

*Luis F. Sánchez Vilella* y *Sarah Torres Peralta,* abogados de las peticionarias; *Plinio Pérez Marrero,* abogado de los interventores.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

En ejecución de créditos hipotecarios por la vía ordinaria, que no fue contendida, las acreedoras demandantes obtuvieron sentencia el 29 agosto, 1977 de la Sala de San Juan, que se hizo efectiva mediante subasta que tuvo lugar el 9 febrero, 1979 y en la que se adjudicó el inmueble hipotecado al único licitador Aureliano Cinque por su oferta de $77,494.00. Solicitada la cancelación de gravámenes posteriores (Art. 125, Ley Hipotecaria) la denegó un juez distinto al sentenciador en resolución de 20 marzo, 1979, que dice: "No ha lugar, el edicto de subasta no informa el sitio donde se va a celebrar [*sic*] la misma. Someta la demandante memorando en apoyo de la no anulación de la subasta por adolecer de este defecto." Al recurrir las demandantes en *certiorari,* expedimos el 19 julio, 1979 orden para mostrar causa por la que no deba anularse dicha actuación de instancia. Hay en autos un escrito del abogado Sr. Juan T. Peñagarícano, Hijo, quien por un tiempo representó a José Enrique del Valle Urrutia, hijo de la fenecida deudora Providencia Urrutia, en que informa desconocer el paradero de su cliente, por lo que no se halla en

posición de mostrar causa alguna contra lo intimado en nuestra orden.

El edicto expedido por el alguacil Ferdinand Rodríguez Molina encabeza su título con la expresión "Tribunal Superior de Puerto Rico, Sala de San Juan" y a renglón seguido nombre de las partes, número de radicación y clase de acción; y en la parte relevante a este recurso anuncia que "el suscribiente, Márshal de este Tribunal les hace saber que el día 9 de febrero de 1979 a las 11:15 de la mañana, venderá al mejor postor, y en buena moneda legal americana en curso, el siguiente inmueble . . . ." El texto no deja duda de que la subasta tendrá lugar ante el alguacil, funcionario del Tribunal Superior, Sala de San Juan, con oficina asignada en las dependencias de dicha Sala, sitio de trabajo de conocimiento general.

■ El Art. 251, inciso 2do, del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 1132 que gobierna este caso dispone que el edicto anunciando la subasta expresará, entre otros particulares el "lugar en que haya de celebrarse la venta", y la fiel adhesión al precepto debe guiar la buena práctica profesional. Sin embargo, en la estructura del edicto como en muchos otros instrumentos del derecho positivo que se desvían de la norma reglada, la deficiencia puede constituir un defecto substancial que enerva el documento hasta la nulidad, o uno de forma sin consecuencia en la situación factual en que se produce. La omisión del "sitio de la subasta" en el anuncio de venta se promovió por el juez al examinar el expediente antes de ordenar la cancelación de gravámenes posteriores, laudable ejercicio de la función judicial que ha alcanzado pleno reconocimiento en el Art. 225 de la Ley Hipotecaria[1] de 1979 que reserva al magistrado una inter-

---

[1]Art. 225 (Ley Hipotecaria, Núm. 198 de 8 agosto, 1979).

"Una vez celebrado el remate el alguacil devolverá a la Secretaría del Tribunal el mandamiento de subasta y el acta de subasta junto con el edicto y demás documentos en su poder relativos a la subasta incluyendo cualquier objeción al procedimiento hecho durante el remate. El Secretario pasará inmediatamente todo

vención final para cerciorarse de que en el ejecutivo sumario se ha guardado el debido proceso de ley.

■ Mas en el presente caso no se justifican la iniciativa del juez y su determinación de nulidad de subasta. El defecto por él señalado es por naturaleza uno de forma que teóricamente podría extender una sombra de invalidez a los procedimientos sólo de demostrarse que alguna parte interesada no acudió a la subasta por desconocer el lugar donde la misma se llevaría a efecto. La mención en el edicto de la Sala de San Juan del Tribunal Superior como el foro ante el cual se seguían los procedimientos, era a todas luces una explícita convocatoria para el recinto donde ubica la Sala de San Juan, una dirección conspicua asaz conocida. Si el edicto hubiera especificado el sitio como "oficina del alguacil" no consideramos que ello hubiera redundado ni siquiera en economía de tiempo al interesado que arribara el día de la subasta a la oficina de información del Centro Judicial de San Juan donde se le hubiese dirigido de inmediato al escritorio del alguacil a cargo del remate.

■ El citado defecto de forma del edicto revela su intrascendencia en la realidad circunstancial de que surge como apuntamiento académico del juez y no de la protesta o acción afirmativa de parte perjudicada por el mismo. La omisión no tiene el gravamen ni genera la erosión de derechos presentes en defectos fundamentales del edicto de subasta como lo son, entre otros, la falta de notificación a acreedores posteriores, error en la fecha de subasta, insuficiente publicación o deficiente descripción de la propiedad a realizarse. Tales vicios o defectos substanciales, inextricablemente ligados al debido proceso de ley, niegan validez

el expediente del procedimiento sumario al Tribunal y éste dentro de un término que no excederá de diez días lo examinará cuidadosamente para cerciorarse si en todos los trámites del procedimiento sumario se han cumplido u observado debidamente los requisitos señalados en esta ley, y si así lo determinara, dictará seguidamente una orden confirmando la adjudicación o venta de los bienes hipotecados. Sin tal confirmación no será válido el procedimiento ni inscribible en el Registro de la Propiedad la adjudicación o venta."

jurídica al edicto, independientemente de que se demuestre perjuicio a alguna parte y se hallan, por tanto, dentro del campo de depuración en que se ejercitan la acción supervisora y la iniciativa del tribunal.

El hecho de haber sido el juez *sua sponte,* y no una parte interesada quien suscitó la insuficiencia del edicto ha sido factor contribuyente en la decisión de este caso. Podría llegarse a otro resultado en un caso donde una parte con interés demuestre que la falta de especificación en el edicto respecto al "lugar en que haya de celebrarse la venta" (Art. 251 Código Enj. Civil) de modo substancial afectó su derecho a participar en el remate. Notamos que la nueva Regla 51.8 de Procedimiento Civil mejora aquel texto exigiendo en el edicto bajo pena de nulidad "expresión del sitio, día y hora en que habrá de celebrarse la venta." Considerando que en la subasta entra el procedimiento en su fase principal y a la vez crítica, de realización de los bienes para que el crédito del ejecutante quede satisfecho, y contra la posibilidad mínima de perjuicio la mejor práctica, hasta ahora generalmente seguida, es incluir en el aviso de venta judicial el dato particular de que se llevará a efecto en la oficina del alguacil y dirección de la misma.

*Se expedirá el auto y la resolución recurrida de 20 marzo, 1979 será anulada.*

El Juez Presidente Señor Trías Monge se inhibió. El Juez Asociado Señor Negrón García no intervino.