ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| LUIS ALBERTO PÉREZ VILLANUEVA, <br><br> Apelante, <br><br> v. <br><br> GLADYS MAYRA ÁLVAREZ GONZÁLEZ y MORAIMA ÁLVAREZ GONZÁLEZ, <br><br> Apelada. | KLAN202401136 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla. <br><br> Civil núm.: AG2021CV00145. <br><br> Sobre: división o liquidación de la comunidad de bienes hereditarios. |

Panel integrado por su presidenta, la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 7 de febrero de 2025.

Comparece ante nos la parte apelante, señor Luis Alberto Pérez Villanueva (señor Pérez), quien solicita la revisión de la *Sentencia* dictada por el Tribunal de Primera Instancia, Sala Superior de Aguadilla, el 4 de octubre de 2024, notificada el 7 de octubre de 2024. En ella, el foro primario desestimó el caso del título y se declaró sin jurisdicción para atender esta controversia, la cual está relacionada con las participaciones hereditarias correspondientes a unas fincas pertenecientes a una comunidad hereditaria, las transacciones realizadas por los coherederos, y la determinación de las partes indispensables en este litigio. Posteriormente, el foro primario también denegó la reconsideración presentada por las apeladas y coherederas, Gladys Mayra Álvarez González y Moraima Álvarez González (las hermanas coherederas Álvarez González o apeladas).

Mediante la *Resolución* del 12 de noviembre de 2024, el tribunal declaró sin lugar las mociones de reconsideración presentadas por las apeladas y sujetó cualquier reclamación a la realización del proceso de partición.

Número identificador

SEN2025_____

Examinada la apelación y perfeccionado el recurso, sin la comparecencia de la parte apelada, este Tribunal confirma la sentencia apelada.

I

El recurso ante nuestra consideración gira en torno a unas fincas ubicadas en el barrio Jobos de Isabela, pertenecientes a un caudal hereditario. Las transacciones de venta, cesión y traspaso de estos bienes, al advenir hereditarios, son objeto de esta controversia entre los miembros de la sucesión y un tercero, el apelante, señor Pérez.

El 8 de febrero de 2021, el señor Pérez presentó una *Demanda*[1]. En el escrito, la parte apelante esbozó distintos negocios jurídicos sobre las compraventas de participaciones hereditarias que ha llevado a cabo con miembros de la sucesión del señor Epifanio Álvarez Gerena y de la señora Gladys González Viera[2], entre los años 2005-2006. Destacó que cuatro de los seis hijos de los causantes le vendieron sus respectivas participaciones. Respecto al presunto 33.34% de participación de las hermanas Álvarez González, el apelante indicó que había suscrito un acuerdo verbal con la madre de las apeladas, la difunta señora Gladys González Viera, el 13 de febrero de 2006, para hacerse cargo de la producción de heno y, entonces, pagar por la participación de sus hijas en el terreno agrícola.

El señor Pérez adujo que este acuerdo confrontó escollos el 1 de febrero de 2012, fecha en la que falleció la señora Gladys González Viera, cuando las coherederas apeladas le informaron que dicha propiedad les

---

[1] *Véase*, apéndice del recurso, a las págs. 9-18.

[2] *Íd.*, a las págs. 9-10 y 17. Según la *Demanda*, el señor **Epifanio Álvarez Gerena** falleció el **3 de octubre de 1997**. El escrito cita el caso civil A1CI9800525 en cuya determinación fueron declarados herederos universales las hermanas apeladas y sus hermanos, Luz Mabel Álvarez Marín, Myrna Álvarez Marín, Roberto Álvarez Marín, Marianela Álvarez Pellot y la señora Gladys González Viera. Esta última, cónyuge supérstite del señor Álvarez Gerena y madre de las apeladas, falleció el **1 febrero de 2012**.

*Véase*, además, apéndice del recurso, a las págs. 13-17. Cabe destacar que la sucesión del señor **Alejandro Álvarez Rosado (padre del señor Epifanio Álvarez Gerena)** precede a la sucesión anteriormente descrita. Según la *Demanda*, los miembros de la sucesión del señor Alejandro Álvarez Rosado son: Monserrate Álvarez Álvarez, Gilberto Álvarez Álvarez, Monserrate Álvarez Gerena, Segunda Álvarez Gerena, Juana Álvarez Gerena, Francisco Álvarez Gerena, Baudilio Álvarez Gerena, **Epifanio Álvarez Gerena**, Carlina Álvarez Gerena, Benito Álvarez Gerena, Celestino Álvarez Gerena y Alberto Álvarez Gerena. El escrito detalla transacciones realizadas con anterioridad al 2006, sobre las propiedades ubicadas en el barrio Jobos de Isabela.

pertenecía, que procederían a la administración de la finca y que daban el contrato por resuelto[3]. También, indicó que las hermanas apeladas se han negado a la división de la comunidad[4].

El apelante solicitó al tribunal la autorización para el emplazamiento por edicto de las hermanas apeladas, pues viven fuera de Puerto Rico, así como el nombramiento de un contador partidor y la preparación de un informe para la división de la comunidad de bienes, que estableciera las partidas correspondientes a cada parte.

El 14 de septiembre de 2021, la coheredera Moraima Álvarez González contestó la demanda[5]. En síntesis, afirmó que la aclaración de su participación en los terrenos en controversia estaba sujeta a la entrega de unas escrituras. También, negó que el apelante tuviera una participación en las 25 cuerdas de terreno en controversia. Respecto al negocio de la producción de heno, la apelada señaló que el apelante había incumplido con los pagos acordados. Indicó que el apelante le había negado la entrada a la finca y que este le había expresado que le pertenecía en su totalidad[6]. Continuó su resumen y planteó controversias adicionales en cuanto a las participaciones y transacciones desglosadas en la demanda. Adicionalmente, negó que sus derechos hereditarios fueran vendidos al apelante y exigió los pagos correspondientes a las hipotecas que afectaban los inmuebles en cuestión[7]. Por último, la apelante se unió al pedido del apelante sobre la asignación de un contador partidor para disponer y liquidar la comunidad hereditaria conforme a derecho.

El 23 de septiembre de 2021, la coheredera Gladys Álvarez González presentó su contestación a la demanda[8]. La apelada impugnó las escrituras descritas por el apelante en su demanda y lo señaló como un

---

[3] *Véase*, apéndice del recurso, a las págs. 12-13.

[4] *Íd.*, a la pág. 17.

[5] *Íd.*, a las págs. 19-28. El apelante incluyó doble copia de la contestación de la demanda.

[6] *Íd.*, a la pág. 20.

[7] *Íd.*, a la pág. 22.

[8] *Véase, Sistema Unificado de Manejo y Administración de Casos* (SUMAC), entrada 22.

tercero extraño a la comunidad de bienes. Controvirtió las cantidades que el apelante adjudicaba a los participantes de la comunidad de bienes hereditarios en cuestión. Planteó la falta de jurisdicción del foro apelado sobre las partes, debido a la mención de los participantes de la sucesión de Alejandro Álvarez Rosario y el caudal relicto anterior. Citó un acuerdo de transacción presentado con anterioridad y que fuera rechazado por el apelante[9]. La señora Gladys Álvarez González indicó que el señor Pérez se negó a firmar el documento. La apelada consideró abusiva la conducta del apelante y solicitó la imposición de sanciones por considerar que estaba re litigando el caso. Igualmente, alegó que esta controversia trata sobre la liquidación de dos caudales relictos, y no uno, como alegaba el apelante. Finalmente, solicitó al tribunal decretar la nulidad de las compraventas otorgadas y dar por terminada la relación de comunidad que tiene con el resto de los herederos.

Luego de varios trámites procesales, el 3 de mayo de 2022, el foro primario aprobó la propuesta de los sendos abogados de las partes litigantes[10] sobre la designación de un contador partidor y declaró sin lugar la solicitud de la vista solicitada. Condicionó la celebración de una vista a la reunión de las partes con el contador partidor designado. La orden fue notificada el mismo día.

El 11 de diciembre de 2023, el contador designado presentó el escrito intitulado *Informe preliminar del contador partidor*[11]. Procedemos a la transcripción de la descripción de las propiedades, según el informe:

.        .        .        .        .        .        .        .

A) R[Ú]STICA: Radicada en el barrio Jobos de Isabela, compuesta de veinticinco cuerdas, o sean ocho hectáreas, cinco áreas, cincuenta y nueve centiáreas y setenta y cinco miliáreas, en lindes at Norte, Evangelista Arce; Francisco Medina, Blas Deliz, Francisca Pérez, y camino público; Este, Lorenzo Cabrera; y al Oeste,

---

[9] *Véase*, apéndice del recurso, a las págs. 2-3. También, apéndice del recurso, a las págs. 29-42, que incluye la *Escritura de Compraventa de Derechos* aludida por la parte apelada y, según su contestación a la demanda, presentada en el caso previo con designación alfanumérica AAC2014-0101.

[10] *Íd.*, a la pág. 43.

[11] *Véase*, SUMAC, entrada 90. También, apéndice del recurso, a las págs. 44-51.

camino público, Evangelista Arce, Sucesión Alejandro Álvarez, Gregorio Medina; Sur, remanente de la finca, o sea, Francisco y Baudilio, conocido por Víctor, Álvarez Gerena. Inscrita al folio noventa del tomo ciento setenta y seis de Isabela, finca número siete mil trescientos cuarenta y cuatro (7,344).

Consta inscrita a favor de Epifanio Álvarez Gerena.

B) R[Ú]STICA: Radicada en el barrio Jobos de Isabela, compuesta de cinco cuerdas, igual a una hectárea, noventa y seis áreas y cincuenta y seis centiáreas, en lindes at NORTE, Pablo Vélez; SUR, Pedro, Francisco y Víctor R. Hernández, después Franco Hernández y hoy Alejandro Álvarez Rosado; at ESTE, los mismos y al OESTE, un camino vecinal. Inscrita al folio ciento setenta y tres del tomo setenta y dos de Isabela, finca número cuatro mil doscientos ochenta (4,280).

Consta inscrita a favor de Alejandro Álvarez Rosado.

C) R[Ú]STICA: Radicada en el barrio Jobos de Isabela, compuesta de una cuerda, igual a treinta y nueve áreas, treinta centiáreas y nueve miliáreas, en lindes at NORTE y OESTE, con Víctor R., Franco y Pedro M. Hernández; SUR, dichos señores Hernández antes, hoy Alejandro Álvarez Rosado y Pedro M. Hernández y ESTE, un camino que separa de los indicados señores Hernández. Inscrita at folio ciento setenta y seis del tomo setenta y dos de Isabela, finca número cuatro mil doscientos ochenta y una (4,281).

Consta inscrita a favor de Alejandro Álvarez Rosado.

D) R[Ú]STICA: Radicada en el barrio Jobos de Isabela, compuesta de cuatro cuerdas con quince mil seiscientos cincuenta y dos cienmilésimas de cuerda, en lindes al NORTE, Francisco Pérez y Cecilia viuda de Santiago; SUR, American Railroad Company of Porto Rico; ESTE, Cecilia viuda de Santiago y Gumersinda Pérez y al OESTE, Gregoria G. viuda de López Tasado. La equivalencia es igual a una hectárea, sesenta y tres áreas y treinta y siete centiáreas. Inscrita al folio doscientos cuarenta y tres del tomo setenta de Isabela, finca número cuatro mil ciento setenta y cuatro (4,174).

Consta inscrita a favor de Alejandro Álvarez Rosado.

E) R[Ú]STICA: Radicada en el barrio Jobos de Isabela, compuesta de cuarenta y una cuerdas mil cuatrocientos setenta nueve diez milésimas, igual a diez y seis hectáreas, diez y siete áreas, veintisiete centiáreas y cuatro mil novecientos cuarenta y dos diez milésimas de otra, en lindes al NORTE, Emilio Cerezo Ríos, Julio Crespo, un camino vecinal, Santiago Rivera, una traviesa de vía y terrenos de la American Railroad Company; y Alejandro Álvarez; at SUR, Alejandro Álvarez, Emilio Cerezo Ríos, Gobierno de Puerto Rico y otra vez, Emilio Cerezo Ríos y at OESTE, Emilio Cerezo Ríos, Julio Crespo, camino vecinal y Santiago Rivera y at ESTE, terrenos de la American Railroad Company y Alejandro Álvarez. Inscrita at folio noventa y cuatro vuelto del tomo

setenta y siete de Isabela, finca número cuatro mil cuatrocientos noventa y cuatro (4,494).

Consta inscrita a favor de Alejandro Álvarez Rosado.

F) R[Ú]STICA: Radicada en el barrio Jobos de Isabela, compuesta de cincuenta céntimos de cuerda, en lindes at NORTE, con Víctor Hernández; al SUR, con Ezequiel Román; at ESTE, camino y al OESTE, Pedro M. Hernández y Sucesión Alejandro Álvarez Rosado. Inscrita al folio ciento setenta y nueve del tomo setenta y dos de Isabela finca número cuatro mil doscientos ochenta y dos (4,282).

Consta inscrita a favor de Alejandro Álvarez Rosado.

G) R[Ú]STICA: Radicada en barrio Jobos de Isabela, compuesta de uno punto ochenta y seis cuerdas, o sea, cuatro mil setecientos treinta y dos metros cuadrados, en lindes al NORTE la vía de la American Railroad Company, al ESTE, Alejandro Álvarez, al SUR, Julio Vélez Feliciano y al OESTE, camino vecinal. Inscrita al folio setenta y ocho y ochenta del tomo ciento quince de Isabela finca número cinco mil ciento ochenta A (5,180A).

Consta inscrita a favor de Alejandro Álvarez Rosado.

.          .          .          .          .          .          .          .

El informe concluyó que ninguna de las partes en este pleito figuraba como titular registral de los bienes inmuebles presuntamente pertenecientes a la comunidad hereditaria. También, identificó la existencia de dos comunidades hereditarias; entiéndase, las relacionadas a los causantes Alejandro Álvarez Rosado, y la de su hijo y padre de las apeladas, Epifanio Álvarez Gerena. El informe señaló la falta de documento legal alguno que evidenciara la participación abstracta del apelante en alguna de las herencias pendientes de división[12]. Agregó que las escrituras públicas que citaba el apelante en su demanda no cumplían con el ordenamiento jurídico al no surgir de los documentos la comparecencia de todos los herederos. Por lo tanto, concluyó que el apelante no poseía un título válido. Según las escrituras presentadas en la vista celebrada el mismo día de la entrega del informe, el contador partidor estimó que las transacciones llevadas a cabo hasta el momento entre una parte de los herederos y el tercero (señor Pérez) resultaban insuficientes, pues el

---

[12] *Véase*, SUMAC, entrada 90, a las págs. 6-7 del informe, y apéndice del recurso, a las págs. 49-50.

inventario reflejado en los documentos resultaba incompleto respecto al caudal hereditario de ambas sucesiones. Además, puntualizó que: "[…] el heredero debe cederlo todo y no una participación específica de un bien inmueble […]"[13].

El 10 de abril de 2024[14], se celebró otra vista. En ella, el señor Pérez y las hermanas Álvarez González compartieron información sobre el valor de las propiedades en controversia, con el propósito de lograr un acuerdo transaccional. La discusión sobre las tasaciones y los valores de los bienes quedó sujeta a una reunión posterior entre los abogados de las partes, con el fin de discutir la potencial cesión de derechos hereditarios sobre los terrenos. El contador partidor reiteró su sugerencia sobre la desestimación del caso, si las partes litigantes no llegaban a un acuerdo.

Luego de varios trámites procesales, que incluyeron el intercambio de información y los hallazgos del tasador y del contador partidor designado, el 25 de septiembre de 2024, la señora Gladys Mayra Álvarez González exigió el pago de su participación hereditaria[15]. Se apoyó en la existencia de determinaciones judiciales previas relacionadas con la declaratoria de herederos[16] y a los cómputos provistos por el contador partidor. Estimó como poca la prueba documental provista por el apelante relativa al negocio del heno y la renta de las fincas, aunque expresó su intención de no impugnar ese particular. En síntesis, suplicó al tribunal el pago de $248.53, por concepto de un pago en exceso al tasador, y $25,000.00 exigibles a su hermana Moraima Álvarez González, por concepto del aumento en valor de la finca. Además, solicitó al foro primario que informara al apelante sobre su posición en torno a los pagos exigidos y la aceptación del cómputo hecho por el contador partidor.

---

[13] *Véase*, SUMAC, entrada 92.

[14] *Véase*, apéndice del recurso, a las págs. 52-54.

[15] *Íd.*, a las págs. 61-64.

[16] *Íd.*, a la pág. 63.

El 3 de octubre de 2024, el apelante insistió en que existía un acuerdo de transacción entre las partes y solicitó su cumplimiento[17]. Puntualizó la existencia del informe del contador partidor y en que todas las partes estuvieron de acuerdo en que el informe resultara vinculante, por lo que solicitó que el tribunal dictara sentencia parcial en torno al mismo[18]. Además, indicó que no existía controversia en cuanto a la participación de las partes, por lo que solicitó la designación de un notario para el otorgamiento de una escritura de liquidación de los inmuebles. El señor Pérez plasmó la preocupación del contador partidor sobre la inscripción de los bienes luego del proceso de liquidación. Ante dicha inquietud, indicó: "[…] tenemos que tener presente una máxima del derecho registral, que el Registro ni nada [*sic*] ni quita derechos, solo le da conocimiento a los terceros de la inscripción de una finca. […]."[19]

El **4 de octubre de 2024**, el foro apelado emitió su *Sentencia*[20]. El tribunal desestimó el pleito al determinar la falta de parte indispensable, pues otros miembros de la sucesión propietaria de las fincas no habían sido traídas al pleito. Además, concluyó que los herederos realizaron transacciones contrarias a la ley respecto a los bienes inmuebles objeto de esta controversia. La determinación fue notificada el 7 de octubre de 2024.

Insatisfecha, el 17 de octubre de 2024, la parte apelada, Gladys Mayra Álvarez González, solicitó reconsideración. Indicó que el apelante había adquirido los derechos hereditarios de los cuatro hermanos - los apellidados Marín Pellot y Álvarez Pellot - considerados por el tribunal como partes indispensables ausentes. Estimó que, en virtud de la figura de subrogación, aquellos no constituían partes indispensables, por lo que no tenían que ser traídas al litigio. Solicitó que se obligara a la también apelada, Moraima Álvarez González, a contestar y, una vez recibida la

---

[17] *Véase*, apéndice del recurso, a las págs. 77-84.

[18] *Íd.*, a la pág. 80, alegación número 27 y 37.

[19] *Íd.*, a la pág. 83, alegación número 44.

[20] *Íd.*, a las págs. 85-89.

contestación, que se determinase el pago monetario correspondiente a sus sendas participaciones en la comunidad de bienes hereditarios de Epifanio Álvarez Gerena y se otorgase una escritura de liquidación de la comunidad.

Días después, el 21 de octubre de 2024, la apelada Gladys Mayra Álvarez González presentó una reconsideración adicional. En esta ocasión, desglosó la composición de la sucesión Álvarez Gerena, compuesta por las hermanas apeladas, tres hermanos de apellido Álvarez Marín, y una de apellido Álvarez Pellot, quien tiene a su vez un sucesor. Apuntó que la sucesión se resume en tres participaciones con vida individual. Conforme a ese análisis, reiteró que no era necesaria la comparecencia de las partes no llamadas al pleito, pues la parte apelante había adquirido los derechos hereditarios de las partes que no se habían incluido en la demanda.

El **12 de noviembre de 2024**, el foro primario declaró sin lugar ambas mociones de reconsideración[21] y se sostuvo en su determinación inicial. Destacó que no surgía del expediente que el apelante hubiera adquirido las participaciones en controversia de la totalidad de los herederos. Adicionalmente, dio crédito al informe del partidor contador como el instrumento que advirtió al tribunal sobre la insuficiencia de los negocios jurídicos celebrados por la comunidad hereditaria por ser contrarios a la ley. También, concluyó que la comunidad hereditaria no había sido dividida ni liquidada. La decisión fue notificada el mismo día, y, en lo pertinente, el tribunal determinó que los siguientes hechos se mantenían incontrovertidos:

1. Los demandados son miembros de una comunidad hereditaria indivisa junto con al menos tres personas más que no son parte de este pleito, Luz Mabel Álvarez Marín, Myrna Álvarez Marín, Roberto Álvarez Marín y Marianela Álvarez Pellot.

2. Estando la comunidad hereditaria en estado de indivisión, el demandante, quien no es parte de dicha comunidad hereditaria, y algunos de los herederos realizaron ciertas transacciones donde se cedieron participaciones específicas sobre bienes concretos pertenecientes a la sucesión indivisa. A dichas transacciones no comparecieron la totalidad de los herederos. Este hecho fue señalado por el Contador Partidor en su Informe

---

[21] *Véase*, apéndice del recurso, a las págs. 1-8, y 98-104.

Preliminar del 11 de diciembre de 2023 y no ha sido controvertido o negado por alguna de las partes.

3. Todas las transacciones se realizaron con anterioridad al año 2020.

. . . . . . . .

Inconforme aún, el **18 de diciembre de 2024**, la parte apelante presentó su recurso intitulado *Apelación Civil*[22] y planteó los siguientes errores:

Erró el Honorable Tribunal, al desestimar el presente pleito por falta de partes indispensables.

Erró el Honorable Tribunal, al concluir que no se generó una comunidad de bienes y las transacciones efectuadas son contrarias a la ley.

(Mayúsculas y negrillas omitidas)

El 20 de diciembre de 2024, este Tribunal otorgó a la parte apelada hasta el 10 de enero de 2025, para presentar su oposición. Transcurrido en exceso el término concedido, las hermanas apeladas no comparecieron, por lo que el recurso quedó perfeccionado.

II

A

El Tribunal Supremo de Puerto Rico ha resuelto que la acción de **petición de herencia** es diferente a la acción de **partición de herencia**, pues se trata de dos procedimientos judiciales cuyos propósitos son distintos. Véase, *Sucn. Maldonado v. Sucn. Maldonado*, 166 DPR 154, 176 (2005); *Arrieta v. Chinea Vda. de Arrieta*, 139 DPR 525, 534-535 (1995).

El Código Civil de Puerto Rico de 2020, regula la acción de partición de herencia en sus Artículos 1774 al 1781, 31 LPRA secs. 11641–11648. Sobre ella, el Tribunal Supremo ha expresado que esta acción se trata del acto jurídico adecuado para ponerle fin al estado de indivisión de una herencia, por lo que su propósito es obtener la terminación de la comunidad hereditaria. *Arrieta v. Chinea Vda. de Arrieta*, 139 DPR, a la pág. 534[23].

---

[22] Conforme a la Regla 14(c) del Reglamento de este Tribunal, 4 LPRA Ap. XXII-B, confirmamos que el recurso fue instado oportunamente, pues el envío del recurso y sus tres copias a nuestra Secretaría se realizó el 11 de diciembre de 2024.

[23] En *Arrieta v. Chinea Vda. de Arrieta*, 139 DPR 525 (1995), el Tribunal Supremo alude a los artículos análogos del derogado Código Civil de 1930; i.e., Artículos 1005 al 1020, 31

En cuanto a quién puede presentar una acción de partición de herencia, en nuestro ordenamiento jurídico se ha interpretado que:

> **[e]s requisito esencial que la persona que pretenda incoar esta acción debe tener ya la condición de heredero. La acción de partición de herencia no es la vía judicial disponible a un descendiente del causante que pretende reclamar su carácter de heredero frente a los que están en posesión de la herencia**. Manresa nos explica que, para poder ejercitar esta acción, tienen que estar presentes dos condiciones precisas: (1) el descendiente tiene que haber aceptado la herencia, teniendo un derecho actual y definitivo sobre ésta, y (2) que el heredero tenga la libre administración y disposición de sus bienes. **El hecho de que una persona se crea heredero no es suficiente para pedir la partición de una herencia**. **Es necesario que efectivamente sea heredero y tenga libre disposición de sus bienes.**

*Sucn. Maldonado v. Sucn. Maldonado* 166 DPR, a la pág. 177. (Énfasis nuestro).

En cuanto a la **acción de petición de herencia**, el Código Civil de Puerto Rico de 2020 establece su marco regulatorio en los Artículos 1592 al 1598, 31 LPRA secs. 11051-11057)[24].

Sobre ello, en *Arrieta v. Chinea Vda. de Arrieta*, 139 DPR, a la pág. 537, el Tribunal Supremo sostuvo que, conforme a la doctrina civilista, "la *actio petitio hereditatis* se trataba de la acción mediante la cual una persona reclama el reconocimiento de su condición de heredera y la consiguiente restitución de lo que le correspondía del caudal hereditario".

El Tribunal subrayó que **en esta acción de petición de herencia no se discute la titularidad del causante sobre los bienes relictos, sino la condición de heredero del actor.** En virtud de ello, el Tribunal Supremo estableció que, para ejercer esta acción, es necesario que: (1) el actor funde su derecho en el título de heredero; (2) la acción se dirija contra el que posee todos o una parte de los bienes de la herencia; y, (3) que la acción no haya prescrito. *Sucn. Maldonado v. Sucn. Maldonado*, 166 DPR,

---

LPRA secs. 2871-2886, que encuentran su equivalente en los Artículos 1774 al 1781, 31 LPRA secs. 11641-11648 del Código Civil de 2020.

[24] Anteriormente, el Tribunal Supremo de Puerto Rico había expresado que, si bien esta acción no estaba reglamentada de forma específica en el derogado Código Civil de 1930, la misma surgía de los Artículos 264 y 970 del referido cuerpo estatutario, 31 LPRA secs. 1044 y 2807. *Sucn. Maldonado v. Sucn. Maldonado*, 166 DPR, a la pág. 174.

a la pág. 174, citando a *Arrieta v. Chinea Vda. de Arrieta*, 139 DPR, a la pág. 537.

B

Con relación al tema de la parte indispensable, no cabe duda de que un miembro de una sucesión puede ser considerado como tal.

Sabido es que "existe una comunidad hereditaria cuando concurre a la sucesión una pluralidad de personas con derechos en la herencia expresados en cuotas abstractas". Art. 1599 del Código Civil de 2020, 31 LPRA sec. 11071. La comunidad hereditaria se rige como como una comunidad de bienes ordinaria. Art. 1601, 31 LPRA sec. 11073. Al igual que en una comunidad ordinaria, una comunidad hereditaria no tiene personalidad jurídica propia. Así pues, en un pleito que involucre una sucesión, deberán traerse a sus miembros de forma particular e individualizada. *Vilanova et al. v. Vilanova et al.*, 184 DPR 824, 839 (2012).

De otra parte, la Regla 16.1 de Procedimiento Civil, 32 LPRA Ap. V, define a la parte indispensable como "aquellas personas que [tienen] un interés común [y] sin cuya presencia no pueda adjudicarse la controversia". Véase, además, *Metropolitan Marble Corp. v. Pichardo*, 145 DPR 607, 613 (1998), en el cual el Tribunal Supremo fue claro en exponer que los codueños de un bien se consideran como parte indispensable en un pleito, por lo que "[tienen] que ser [incluidos para] proteger sus intereses y conceder un remedio completo". *Íd.*

C

Es norma reiterada que, ante la ausencia de error manifiesto, prejuicio, parcialidad o pasión, no se favorece la intervención de los tribunales apelativos para revisar la apreciación de la prueba, la adjudicación de credibilidad o las determinaciones de hechos formuladas por el Tribunal de Primera Instancia. *Santiago Ortiz v. Real Legacy et al.*, 206 DPR 194, 219 (2021), citando a *González Hernández v. González Hernández*, 181 DPR 746, 776-777 (2011). Al definir lo que constituye pasión, prejuicio o parcialidad, el Tribunal Supremo ha expresado que:

> Incurre en "pasión, prejuicio o parcialidad" aquel juzgador que actúe movido por inclinaciones personales de tal intensidad que adopta posiciones, preferencias o rechazos con respecto a las partes o sus causas que no admiten cuestionamiento, sin importar la prueba recibida en sala e incluso antes de que se someta prueba alguna.

*Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 782 (2013).

La deferencia hacia el foro primario responde a que es el juez sentenciador el que tiene la oportunidad de recibir y apreciar toda la prueba testifical presentada, de escuchar la declaración de los testigos y evaluar su comportamiento. *Suárez Cáceres v. Com. Estatal Elecciones*, 176 DPR 31, 67 (2009).

Sin embargo, la doctrina de deferencia judicial no es de carácter absoluto; se podrá intervenir "cuando la apreciación de la prueba no representare el balance más racional, justiciero y jurídico de la totalidad de la prueba". *González Hernández v. González Hernández*, 181 DPR, a la pág. 777.

También, se exceptúan de la regla de deferencia las determinaciones de hechos que se apoyan exclusivamente en prueba documental o pericial, ya que los tribunales apelativos estamos en idéntica posición que el tribunal inferior al examinar ese tipo de prueba. *Íd.*

III

Evaluado el recurso, a la luz del derecho aplicable, este Tribunal concluye que los errores señalados por el apelante no fueron cometidos por el foro apelado. Veamos.

Según el expediente del caso, el caudal relicto del señor Epifanio Álvarez Gerena y de la señora Gladys González Viera – entiéndase, el padre y la madre de las hermanas apeladas - continúa sin dividir. Los pleitos citados por las partes y relacionados con las gestiones sobre declaratorias de herederos no constituyen punto definitivo sobre la división de estos bienes hereditarios. Como recogido en nuestro derecho vigente, existe puntual distinción entre la petición y la partición de la herencia. Ambos procesos marcan atribuciones distintas. En el caso ante nos, notamos que se constituyó una comunidad de bienes con el fallecimiento

de los componentes del tronco familiar, punto de apertura de la sucesión. Luego de ello, quedan evidenciadas transacciones realizadas sobre bienes hereditarios en las que se atribuyeron valores y participaciones previo a su división. No observamos que dicho manejo de la sucesión se diera en virtud de un testamento o llamamiento en donde **todos** los sucesores repasaran la división de estos bienes o que se hayan atribuido por vía judicial.

Tampoco surge del expediente la existencia de una convocatoria consolidada y avalada por todos los sucesores. Por lo tanto, coincidimos con el foro primario sobre su carencia de jurisdicción para atender el asunto sobre la adjudicación de los terrenos en controversia, hasta tanto el proceso de partición se lleve a cabo. Es decir, el primer error señalado por el apelante no se cometió.

Sobre el segundo error, colegimos que tampoco se cometió. Mientras la comunidad hereditaria entre los sucesores continúe indivisa, los sucesores cuentan con una participación activa en el caudal. Esta etapa en la que se encuentra la herencia imposibilita la atribución de la propiedad que reclama el apelante. Coincidimos con la posición del contador partidor y adoptada por el foro primario que indica que el apelante carece de título válido sobre bienes concretos que, al momento, ni los mismos miembros de la sucesión pueden atribuirse de manera particular.

En fin, la determinación del foro primario de desestimar el pleito por ausencia de partes indispensables es correcta en derecho, por lo que procede su confirmación.

IV

Por los fundamentos antes expuestos, este Tribunal confirma la *Sentencia* dictada por el Tribunal de Primera Instancia, Sala Superior de Aguadilla, el 4 de octubre de 2024.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones